

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1411-16

**JOSHUA JACOBS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

**YEARY, J., filed a concurring opinion in which HERVEY, J., joined.**

### <u>CONCURRING OPINION</u>

I am much inclined to agree with Judge Richardson that the trial court erred in disallowing Appellant's question during voir dire. Under Article 38.37, Section 2(b), of the Code of Criminal Procedure, his prior conviction for a felony offense involving sexual abuse of a child would be admissible against him at the guilt phase of his trial. TEX. CODE CRIM. PROC. art. 38.37, § 2(b). Pursuant to that statute, the jury would be authorized to consider that prior conviction as so-called "character-conformity" evidence—*some* evidence supporting a finding that Appellant committed the offense charged in this case from the fact that he had

committed a similar offense in the past.[1] *Id*. That "character-conformity" evidence was therefore available for the State to invoke in trying to persuade the jury that Appellant was guilty of the charged offense to a level of confidence of beyond a reasonable doubt. What the jurors were *not* authorized to do, however, was to rely on Appellant's prior conviction as an excuse to find him guilty of the charged offense in the event that the State's evidence failed to convince them of his guilt to that heightened level of confidence—just because he has been convicted of such an offense before. Appellant was entitled to ask proper commitment questions to try to expose any potential juror who failed to appreciate this subtle distinction,[2] and his voir dire questions were explicitly designed to do just that.

But I definitely agree with the Court's conclusion that any such error was not one of constitutional dimension, so as to invoke the less rigorous harm standard provided for in Rule 44.2(a) of the Rules of Appellate Procedure. TEX. R. APP. P. 44.2(a). I also agree with the Court that *we* need not even address the question of non-constitutional error at this juncture. But I do not interpret the Court's opinion necessarily to foreclose the court of appeals from visiting the question of non-constitutional error on remand, should it find such a claim to have been both preserved and fairly raised by Appellant's brief on appeal (about which I

---

[1] This is not to suggest that character-conformity evidence that is admissible under Article 38.37 could suffice, by itself, to provide legally sufficient evidence in satisfaction of *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] "A commitment question can be proper or improper, depending on whether the question leads to a valid challenge for cause. For a commitment question to be proper, one of the possible answers to that question must give rise to a valid challenge for cause." *Woods v. State*, 152 S.W.3d 105, 109 (Tex. Crim. App. 2004) (footnotes omitted).

express no opinion at present). With that understanding, I join the Court's opinion reversing

the judgment of the court of appeals and remanding the cause for further proceedings.

FILED:       October 10, 2018
PUBLISH